J-S64020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN MERTON GRIFFITH | : | |
| | : | |
| Appellant | : | No. 1317 EDA 2018 |

Appeal from the PCRA Order March 22, 2018
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0002037-1999

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 30, 2018**

Appellant, John Merton Griffith, appeals from the March 22, 2018 order denying his second petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  In this appeal from the denial of PCRA relief, Appellant's court-appointed counsel filed a petition to withdraw as counsel and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  As we conclude that counsel fulfilled the procedural requirements of *Turner/Finley*, and this appeal is without merit, we grant counsel's petition to withdraw as counsel and affirm the PCRA court's order denying Appellant's PCRA petition.

On March 6, 2000, Appellant pleaded guilty to attempted rape and indecent assault of a minor;[1] on May 5, 2000, the trial court sentenced Appellant to serve an aggregate term of ten to 20 years in prison. N.T. Sentencing, 5/5/00, at 71. We affirmed Appellant's judgment of sentence on May 1, 2001 and Appellant did not file a petition for allowance of appeal with our Supreme Court. **Commonwealth v. Griffith**, 776 A.2d 1005 (Pa. Super. 2001) (unpublished memorandum) at 1-9.

On July 25, 2003, Appellant filed his first PCRA petition and the PCRA court appointed counsel to represent Appellant. **See** PCRA Court Order, 7/30/03, at 1. The PCRA court dismissed Appellant's petition on September 18, 2003 and Appellant did not file a notice of appeal from the PCRA court's order. PCRA Court Order, 9/18/03, at 1.

Appellant filed the current PCRA petition 14 years later, on September 18, 2017. Within this petition, Appellant pointed to the recently decided Pennsylvania Supreme Court opinion in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), where the Supreme Court held that the registration requirements contained in Subchapter H of the Sexual Offender Registration and Notification Act ("SORNA") were punitive and, therefore, criminal in nature. **See** Appellant's Second PCRA Petition, 9/18/17, at 1-4. Hence, in **Muniz**, our Supreme Court held that retroactive application of Subchapter H's registration requirements to defendants whose crimes occurred prior to

---

[1] 18 Pa.C.S.A. §§ 901(a) and 3126(a)(8), respectively.

SORNA's effective date violated the *ex post facto* clause of the Pennsylvania Constitution. *Muniz*, 164 A.3d at 1218-1225. Appellant claimed that his convictions render him subject to the unconstitutional, retroactive application of Subchapter H's registration requirements and that his sentence is, thus, illegal. Appellant's Second PCRA Petition, 9/18/17, at 1-4. Further, Appellant claimed that, even though his PCRA petition is untimely, he is entitled to relief because he filed his petition within 60 days of the date *Muniz* was decided.[2] *See id.*

The PCRA court appointed counsel to represent Appellant during the proceedings and counsel filed an amended petition on Appellant's behalf. PCRA Court Order, 9/27/17, at 1; Appellant's Amended Second PCRA Petition, 10/30/17, at 1-4; Appellant's Second Amended Second PCRA Petition, 1/12/18, at 1-6. However, after receiving briefing on the issue, the PCRA court dismissed Appellant's petition on March 23, 2018, without holding an evidentiary hearing. PCRA Court Order, 3/23/18, at 1.

Appellant filed a timely notice of appeal on Monday, April 23, 2018. However, on appeal, Appellant's court-appointed counsel filed a petition to withdraw as counsel and a no-merit letter pursuant to *Turner*, 544 A.2d at 927 and *Finley*, 550 A.2d at 213. Therefore, prior to addressing the merits of the issues raised in counsel's *Turner/Finley* letter, we must determine whether counsel met the procedural requirements necessary to withdraw.

---

[2] The Pennsylvania Supreme Court decided *Muniz* on July 19, 2017.

Counsel seeking to withdraw in PCRA proceedings:

> must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" letter to the PCRA court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

> Where counsel submits a petition and no-merit letter that satisfy the technical demands of **Turner/Finley**, the court — PCRA court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Muzzy**, 141 A.3d 509, 510–511 (Pa. Super. 2016) (internal quotations, citations, and corrections omitted). In this case, counsel fulfilled the procedural requirements for withdrawing as PCRA counsel. Therefore, we must determine whether the claim raised in the petition lacks merit. We conclude that Appellant's petition is untimely and that it does not satisfy any exception to the PCRA's one-year time-bar. Therefore, we agree with counsel that, pursuant to **Turner**/**Finley**, any claim on appeal is "without merit."

We have explained:

> [The PCRA requires] a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the

conclusion of direct review . . . or at the expiration of time for seeking review.

. . .

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within [60] days of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the [60]-day timeframe.

***Commonwealth v. Lawson***, 90 A.3d 1, 4-5 (Pa. Super. 2014) (some internal citations omitted) (internal quotations omitted).

Appellant's judgment of sentence became final at the end of the day on May 31, 2001, which was 30 days after we affirmed his judgment of sentence and the time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). The PCRA explicitly requires that a petition be filed "within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). Thus, Appellant had until May 31, 2002 to file a timely PCRA petition. 42 Pa.C.S.A. § 9545(b). As Appellant did not file his current petition until September 18, 2017, the current petition is facially untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the

one-year time-bar, the PCRA demands that the petitioner properly plead all required elements of the relied-upon exception).

Here, Appellant purports to invoke the "newly recognized constitutional right" exception to the time-bar. This statutory exception provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> . . .
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> . . .
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

As our Supreme Court explained:

> Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision,

the legislature clearly intended that the right was already recognized at the time the petition was filed.

***Commonwealth v. Copenhefer***, 941 A.2d 646, 649-650 (Pa. 2007), *quoting*

***Commonwealth v. Abdul-Salaam***, 812 A.2d 497, 501 (Pa. 2002) (internal corrections omitted). Moreover, since the plain statutory language of section 9545 demands that the PCRA petition "allege" all elements of the statutory exception, it is clear that – to properly invoke the "newly recognized constitutional right" exception – the petitioner must plead each of the above-stated elements in the petition. 42 Pa.C.S.A. § 9545(b)(1).

Within Appellant's second PCRA petition, Appellant claims that his sentence is illegal, unconstitutional, and subject to correction based on the Pennsylvania Supreme Court's holding in ***Muniz***. However, as we held in

***Commonwealth v. Murphy***, 180 A.3d 402 (Pa. Super. 2018):

> [a petitioner's] reliance on ***Muniz*** cannot satisfy the "new retroactive right" exception of Section 9545(b)(1)(iii).
>
> . . .
>
> [W]e acknowledge that [the Pennsylvania Superior] Court has declared that, "***Muniz*** created a substantive rule that retroactively applies in the collateral context." ***Commonwealth v. Rivera–Figueroa***, 174 A.3d 674, 678 (Pa. Super. 2017). However, because [a]ppellant's PCRA petition is untimely (unlike the petition at issue in ***Rivera-Figueroa***), he must demonstrate that the **Pennsylvania Supreme Court** has held that ***Muniz*** applies retroactively in order to satisfy section 9545(b)(1)(iii). ***See Abdul–Salaam, supra.*** Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on ***Muniz*** to meet that timeliness exception.

- 7 -

*Murphy*, 180 A.3d at 405-406 (emphasis in original) (internal footnote and some internal emphasis omitted).

As we did in *Murphy*, we note that "if the Pennsylvania Supreme Court issues a decision holding that *Muniz* applies retroactively, Appellant can then file a PCRA petition, within 60 days of that decision, attempting to invoke the 'new retroactive right' exception of section 9545(b)(1)(iii)." *See id.* at 405 n.1. However, at this time, Appellant cannot rely on *Muniz* to obtain relief.

Since Appellant did not attempt to plead any other exception to the time-bar, we conclude that Appellant's petition is time-barred and that our "courts are without jurisdiction to offer [Appellant] any form of relief."[3] *Commonwealth v. Jackson*, 30 A.3d 516, 523 (Pa. Super. 2011). We further note that counsel complied with the procedural requirements for withdrawing as counsel and that, under *Turner*/*Finley*, the issues Appellant wished to pursue in his PCRA petition are without merit. Accordingly, we grant counsel's petition to withdraw and affirm the order denying Appellant's petition.

Petition to withdraw as counsel granted. Order affirmed. Jurisdiction relinquished.

---

[3] To the extent Appellant claims that his illegal sentencing claim is non-waivable, we note that, in *Commonwealth v. Fahy*, our Supreme Court held: "[a]lthough legality of sentence is always subject to review within the PCRA, **claims must still first satisfy the PCRA's time limits or one of the exceptions thereto**." *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (emphasis added).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/30/18